## MOORE v. BERNSTEIN.

### (City Court of New York, General Term.  December 27, 1899.)

MASTER AND SERVANT—EVIDENCE.

> Where it was alleged that plaintiff was injured through the negligence of defendant's servant in driving defendant's wagon, it was error to exclude evidence showing for whom the alleged servant worked or was driving the wagon when the injury occurred, and what his relation to defendant was, as the same tended to show a contention by defendant that the driver of the wagon was in pursuit of a calling independent of

defendant, and was not under defendant's control, although defendant owned the wagon.

Appeal from trial term.

Action by Andrew Moore against Samuel Bernstein. From a judgment for plaintiff and an order denying a motion for new trial defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Perry D. Trafford, for appellant.
Joseph I. Green, for respondent.

O'DWYER, J. The plaintiff, in his complaint, alleged that the wagon and horses which caused the injury "were the property of the defendant, and in charge and managed by his agent or agents and servant or servants, and that he was injured by the carelessness and negligence of the defendant, his agent or servant." The defendant, Samuel Bernstein, was not personally negligent, and cannot be held responsible for the plaintiff's injury unless the driver of the wagon was his agent or servant. Upon the trial the plaintiff offered no evidence whatever to show that the driver of the wagon was employed by the defendant, excepting only the statements of certain witnesses that the wagon in question had the name of S. Bernstein and an address upon it. The driver of the wagon, when called as a witness for the defendant, testified that the horses and wagon were owned by the defendant; that he was selling seltzer water at the time for himself; and then, upon being asked the question whether he was in the defendant's employ, answered, "No, sir." Upon motion of plaintiff's counsel this answer was stricken out as a conclusion, but over the exception of the defendant. The witness was then asked, among others, the following questions, and, upon the plaintiff's objection to each, the answer was excluded:

"Q. Did you do any work for S. Bernstein, the defendant in this case? Q. Were you driving this wagon for Mr. Bernstein, or in your own business? Q. Were you driving this wagon, at the time of the accident, for Mr. Bernstein? Q. For whom were you driving the wagon? Q. Will you describe your relations with the defendant, S. Bernstein, in this case?"

The plaintiff having asserted in his complaint that the driver of the wagon was a servant of the defendant, and the defendant having denied that allegation, the driver of the wagon should have been allowed to testify as to just what his relation with the defendant was. All the testimony objected to tended to establish the defendant's contention that the driver of the wagon was in the pursuit of an independent calling, or that the driver was not under the control and direction of the defendant. Its exclusion was error.

The court charged:

"There was a question asked about whether the driver sold seltzer water, and whether he was in business for himself, and all that sort of thing, but not for a single instance was the question asked, 'Did you drive these horses and wagon for Bernstein?'"

By referring to the questions above quoted from the record, it will be seen that the driver was asked this very question, and hence the

court fell into the error of mistaking an important fact that had occurred upon the trial.

For the errors pointed out, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.